# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:05CV44

| RAFFAELA B. GIBBARD, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| JOHN E. POTTER, POSTMASTER GENERAL and UNITED STATES POSTAL SERVICE, AGENCY | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendant's [sic] Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," filed May 31, 2005.[1] On July 14, 2005, the Court received a letter from the Assistant United States Attorney advising the Court that Plaintiff did not intend to file a Response to Defendants' Motion. Therefore, this Motion is now ripe for disposition by the Court.

Having carefully considered the arguments, the record, and the applicable authority, for the below-stated reasons the Court will grant in part and deny in part Defendants' Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of this Motion, the Court accepts the following facts derived from

---

[1] The Court notes that Plaintiff's Complaint names two defendants, John E. Potter, Postmaster General, and United States Postal Service, Agency. In documents received from the Assistant United States Attorney, however, these two defendants have been merged into one defendant, named as John E. Potter, Postmaster General, United States Postal Service. The Court will presume for purposes here that the instant Motion is intended to apply to both Defendants.

1

Plaintiff's Complaint as true. *See Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 189 (4th Cir. 2002) (noting that "at the motion to dismiss stage, a court must accept the allegations of the complaint as true and view the complaint in the light most favorable to the plaintiff").

On July 28, 2003, Plaintiff Raffaela Gibbard ("Plaintiff" or "Ms. Gibbard") was reinstated with the United States Postal Service ("USPS") as a Part Time Flexible ("PTF") Sales and Service Clerk at the Post Office in Boone, North Carolina. Prior to July 28, 2003, Ms. Gibbard had worked in federal service as an air traffic controller and in the Postal Service. Despite her prior service with the federal government, Ms. Gibbard was reinstated in July 2003 at a grade level of PS 05, step A, which was the lowest level Sales and Service Clerk Position.

On October 27, 2003, Plaintiff filed a form titled "Information for Pre-Complaint Counseling" with the USPS, alleging age and gender discrimination based on her grade and pay levels at the time of reinstatement. Subsequently, on January 5, 2004, Plaintiff filed an "EEO Complaint of Discrimination in the Postal Service," again contending that she was discriminated against on the basis of her sex and age since she was not reinstated to the grade and step level she previously received while working in federal service. In response, on March 9, 2004, the EEO Compliance and Appeals Office dismissed Plaintiff's EEO complaint because the complaint was not filed within 45 days of the alleged discriminatory acts, as required by 29 C.F.R. § 1614.105. As permitted, Plaintiff appealed the dismissal of her EEO complaint to the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO"), which affirmed the dismissal of Plaintiff's EEO complaint. In a decision dated August 25, 2004, the OFO found that Plaintiff should have reasonably suspected discrimination by July 28, 2003, the date of her reinstatement.

Plaintiff asked the Equal Employment Opportunity Commission ("EEOC") to reconsider its August 25, 2004 decision. On October 7, 2004, the EEOC denied Plaintiff's request.

Subsequently, on January 3, 2005, Plaintiff filed the instant lawsuit in the North Carolina Superior Court for Burke County. Defendants removed the action to this Court on April 18, 2005. Defendants now seek to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) or for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In the alternative, Defendants ask the Court to enter summary judgment on Plaintiff's claims on the basis that there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law.

## II. DISCUSSION

### A. Standard of Review

#### 1. Considering documents attached to Defendants' Motion

Generally, if on a Rule 12(b)(6) motion to dismiss a court considers matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 after all parties have been given a reasonable opportunity to present all material that is pertinent to a Rule 56 motion. FED. R. CIV. P. 12(b). However, in ruling on a Rule 12(b)(6) motion, a court can consider documents outside of the pleadings without converting the motion to one for summary judgment so long as the documents are integral to and explicitly relied on in the complaint. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

In the instant case, Defendants attach various exhibits to their Motion to Dismiss, including "Notification of Personnel Action" (Gov. Exh. 1), "Information for Pre-Complaint Counseling" (Gov. Exh. 2), "EEO Complaint of Discrimination in the Postal Service" (Gov. Exh.

3

3), "Dismissal of Formal EEO Complaint" (Gov. Exh. 4), *Gibbard v. Postal Service*, EEOC Appeal No. 01A43341 (Aug. 25, 2004) (Gov. Exh. 5), and *Gibbard v. Postal Service*, EEOC Request No. 05A41223 (Oct. 7, 2004) (Gov. Exh. 6). A review of these documents leads the Court to conclude that they are integral to and explicitly relied on by Plaintiff in her Complaint. (*See* Compl. ¶¶ 11, 13, 14). Therefore, the Court can properly consider these documents in ruling on Defendant's Motion to Dismiss without having to convert the Rule 12(b)(6) motion into a motion pursuant to Rule 56.

### 2. **Standard of review for Rule 12(b)(6) motion**

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a plaintiff's complaint. *Suarez v. Charlotte-Mecklenburg Schs.*, 123 F. Supp. 2d 883, 885-85 (W.D.N.C. 2000) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). In considering a Rule 12(b)(6) motion to dismiss, the Court must take the allegations in the complaint as true and construe the facts alleged in the complaint in the light most favorable to the plaintiff. *GE Inv. Private Placement v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). "[Dismissal may occur] only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Jackson v. Blue Dolphin Commc'ns of N.C., L.L.C.*, 225 F. Supp. 2d 785, 788-89 (W.D.N.C. 2002) (brackets in original) (quoting *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997)).

To survive a Rule 12(b)(6) motion, "a complaint need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged occurrence and which, if proven, will justify some form of relief." *Jackson*, 225 F. Supp. 2d at 789 (citation omitted). A motion to dismiss is not limited to claims of law which are obviously

unsupportable; rather if, as a matter of law, it is obvious that no relief could be granted under any set of facts alleged by the plaintiff, the claim must be dismissed. *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

**B.    Title VII Gender Discrimination Claim**

Plaintiff was a federal employee, so her gender discrimination claim is governed by 42 U.S.C. § 2000e-16. This provision provides in pertinent part that "[a]ll personnel actions affecting employees or applications for employment . . . in the United States Postal Service . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). A federal employee who believes she has been discriminated against on any of these grounds, including gender, must exhaust her administrative remedies before bringing a Title VII claim for discrimination in a federal district court. As part of the exhaustion requirement, the employee is required to consult an EEO counselor within 45 days of the date that the employee knew or should have known about the alleged discrimination  29 C.F.R. § 1614.105(a)(1). If an employee fails to initiate contact with an EEO counselor within that time period, she is deemed to have failed to exhaust her administrative remedies and her claim is subject to dismissal. *See* 29 C.F.R. § 1614.105(a)(2); *Nealon v. Stone*, 958 F.2d 584, 589-90 (4th Cir. 1992).

In the instant case, the alleged gender discrimination occurred on July 28, 2003, when Plaintiff was reinstated to a position with the USPS and was issued a "Notification of Personnel Action" form, which listed Plaintiff's pay grade and step. It was not until October 27, 2003 - 91 days later - that Plaintiff sought counseling with an EEO counselor for the alleged discrimination. Since Plaintiff failed to exhaust her administrative remedies, and the Court finds that no good

5

cause exists for such failure, the Court will dismiss Plaintiff's gender discrimination claim.

## C. Age Discrimination in Employment Act

Although Plaintiff's gender discrimination claim falls within the confines of 42 U.S.C. § 2000e-16(a), her age discrimination claim is governed by the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA").

The ADEA gives a person who is at least 40 years old the right to seek relief if she feels she has been discriminated against on the basis of her age. 29 U.S.C. § 633a(a). Pursuant to the ADEA, an employee who works for the federal government has two routes for bringing an age discrimination claim to federal court. First, such employee may elect to pursue administrative remedies through the EEOC and, if after fully exhausting her administrative remedies she is dissatisfied with the result of the EEOC's administrative proceedings, the employee may file suit in federal court. 29 U.S.C. § 633a(b), (c); *Stevens v. Department of Treasury*, 500 U.S. 1, 5-6 (1991). These administrative remedies include initiating contact with an EEO Counselor within 45 days of the date of the alleged age discrimination. 29 C.F.R. § 1614.105(a)(1).

As discussed in detail above, Plaintiff here did not initiate contact with an EEO Counselor until 91 days after the alleged discrimination. Since Plaintiff failed to meet the 45 day administrative requirement, under this avenue Plaintiff's age discrimination claim is not properly before the Court.

Alternatively, the employee may bring an ADEA claim directly to federal court if at least 30 days prior to commencing suit she provides notice to the Equal Employment Opportunity Commission ("EEOC") of her intent to sue *and* she files this notice within 180 days from the date of the alleged discriminatory conduct. 29 U.S.C. § 633a(d); *Stevens*, 500 U.S. at 5-6. Here,

Plaintiff did not file a formal notice of discrimination with the EEOC but she did file a formal notice of discrimination with the USPS's EEO Counselor. ( *See* Gov. Exh. 3). Although the Fourth Circuit has not addressed whether filing such notice with an Agency's EEO Counselor is sufficient to meet the intent to sue notice requirements of Section 633a(d), the conclusions of other Circuit Courts are persuasive on this topic. A review of those cases leads this Court to conclude that formal notice by a federal employee to her Agency's EEO Counselor satisfies the notice requirement of 29 U.S.C. § 633a(d). *See Stevens*, 500 U.S. at 6-7 n. 1 (stating that "[t]he EEOC accepts a notice given to the employing agency as sufficient compliance with the statutory notice requirement"); *see also Bohac v. West*, 85 F.3d 306, 310 (7th Cir. 1996) (finding that filing formal administrative complaint with EEO Counselor satisfies notice requirement of 29 U.S.C. § 633a(d)); *Ray v. Nimmo*, 704 F.2d 1480, 1484 (11th Cir. 1983) (noting that filing formal administrative complaint with the Agency's EEO Counselor satisfies the policies behind 29 U.S.C. § 633a(d) and is sufficient notice pursuant to that section); *Purtill v. Harris*, 658 F.2d 134, 138 (3rd Cir. 1981) (finding that formal administrative complaint satisfies notice requirement of 29 U.S.C. § 633a(d)). This Court finds particularly persuasive the following:

> In light of the significant sharing of responsibilities between the EEOC and the agencies under the regulatory scheme . . . the goals of the 30 days notice provision are sufficiently advanced through the filing of a formal administrative complaint. 'The purpose of the notice of intent to sue requirement is to allow the EEOC to attempt conciliation. Under the complaint process, however, the regulations require that the aggrieved party, *prior* to filing an EEOC complaint, consult with the Agency's EEO Counselor so that the Counselor may seek an informal adjustment of the complaint.' Thus, by the time that a formal administrative complaint is filed, an EEO counselor at the agency will have already attempted to informally resolve the dispute. Moreover, an agency's EEO counselor, who is apt to be more familiar with the workings of the particular agency, and who might even be familiar with the individuals involved, is likely to be as effective, if not more so, at reaching an informal settlement of the grievance as the EEOC.

*Bohac*, 85 F.3d at 310 (quoting *Ray*, 704 F.2d at 1484 n.9).

In the instant case, Plaintiff filed her formal complaint with the EEO Counselor on January 5, 2004, which was within 180 days after the alleged discrimination, [2] and since Plaintiff did not file her lawsuit until January 3, 2005, she gave the EEOC more than 30 days notice prior to commencing her suit. Therefore, the Court will not dismiss Plaintiff's age discrimination claim for failure to provide requisite notice of intent to sue.

**D.      Failure to File Lawsuit in Federal Court**

Defendants further contend that Plaintiff's lawsuit is time-barred for failure to timely file her Complaint in federal court. Defendants argue that a federal sector employee is authorized under Title VII and the ADEA to file a civil action in federal court: (a) within 90 days of receipt of the final action on an individual complaint if an appeal has not been filed; or (b) within 90 days of receipt of the Commissioner's final decision on appeal. 29 C.F.R. § 1614.407. [3] Defendants note that the OFO denied Plaintiff's Request for Reconsideration in a decision dated October 7, 2004. On January 3, 2005, Plaintiff her lawsuit in state court. Defendants argue that although Plaintiff's lawsuit was filed within the 90 day limitations period, Plaintiff failed to file her Complaint in a United States District Court and due to principles of sovereign immunity, Plaintiff's filing in state court vitiates the claim she attempted to pursue against a federal agency. Defendants fail, however, to differentiate between Plaintiff's Title VII claim and her ADEA

---

[2] Specifically, the alleged discrimination occurred on July 28, 2003, and Plaintiff filed her formal complaint with USPS's EEO Counselor on January 5, 2004, which was 161 days after the alleged discrimination.

[3] Defendants cite to 29 C.F.R. § 1614.408 in support of their contention that Plaintiff's lawsuit is barred due to her failure to file her Complaint in federal court. Section 1614.408, however, applies to claims pursuant to the Equal Pay Act. Section 1614.407 is applicable to Title VII and ADEA claims.

8

claim.[4]

Since the Court dismissed Plaintiff's gender discrimination claim for failure to exhaust administrative remedies, the Court will not address whether such claim would be further defeated due to Plaintiff filing the instant lawsuit in a state forum.

With regard to Plaintiff's ADEA claim, it is clear that "[a]ny person aggrieved [under this section] may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 633a(c). Moreover, the corresponding regulations provide that ". . . an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action." 29 C.F.R. § 1614.201. Notably, when an individual chooses to file her ADEA claim directly in federal court, as opposed to pursuing the administrative remedies route, the ADEA statute does *not* require that claimant to file her lawsuit within a specific time period. All that is procedurally required is that the plaintiff notify the Commission within 180 days of the alleged age discrimination and give the EEOC at least 30 days notice prior to filing suit.[5]

In the instant case, Plaintiff chose to bring her ADEA claim directly to court instead of pursuing administrative remedies, as permitted by 29 U.S.C. § 633a(d). Plaintiff filed her formal complaint with the EEO Counselor on January 5, 2004, which was within 180 days after the

---

[4] In fact, *none* of the cases cited by Defendants in support of their argument that sovereign immunity bars Plaintiff's claims relate to a federal employee pursuing an ADEA claim.

[5] Moreover, the Court is not convinced that the language in Section 633a(d) and the corresponding regulation stands for the proposition that if a federal employee files an ADEA claim in state court, a federal district court is required to dismiss such claim on sovereign immunity principles. Rather, the Court reads both the statute and regulation to state that an ADEA claim is a federal issue that *may* be filed in federal court, but a filing in state court is not detrimental to a federal employee's claim.

9

alleged discrimination, and since Plaintiff did not file her lawsuit until January 3, 2005, she gave the EEOC more than the 30 day notice prior to commencing her suit.[6] The fact that Plaintiff did not file her lawsuit in a United States District Court within the 90 day time period does not bar her ADEA claim. [7]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is hereby **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendants' Motion is **GRANTED** with regard to Plaintiff's Title VII gender discrimination claim and **DENIED** with respect to Plaintiff's ADEA claim.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII gender discrimination claim is hereby <u>dismissed with prejudice</u> for failure to exhaust administrative remedies.

Signed: February 8, 2006

*/s/ Richard L. Voorhees*

Richard L. Voorhees
Chief United States District Judge

---

[6] Moreover, even if the 90 day time period applied, by Defendants' own admission, Plaintiff filed her lawsuit within that time period. (Defs' Mot. to Dismiss p. 10).

[7] The Court finds it notable that Defendants removed Plaintiff's claims to this Court and now are arguing that the Court doesn't have jurisdiction.