# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:05CV44

| | |
|---|---|
| RAFFAELA B. GIBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL and UNITED STATES ) | |
| POSTAL SERVICE, AGENCY ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(h)(3) and for Reconsideration of Order Denying, in Part, Federal Defendants' Uncontroverted Dismissal Motion, filed February 23, 2006.[1] Plaintiff did not file a Response to Defendants' Motion. Therefore, this Motion is now ripe for disposition by the Court.

## I. FACTUAL AND PROCEDURAL HISTORY

Since the Court recited the facts and procedural history of this matter in an Order dated February 8, 2006, it will not reiterate those facts here.

In the instant Motion, Defendants ask the Court to reconsider its February 8, 2006 Order, in which the Court granted Defendants' Motion to Dismiss with regard to Plaintiff's gender discrimination claim but denied Defendants' Motion to Dismiss on Plaintiff's age discrimination claim, 29 U.S.C. § 633a ("ADEA"). Specifically Defendants ask the Court to consider: (1)

---

[1]Defendants bring their Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Moreover, Defendants seek reconsideration of the Court's February 8, 2006 Order pursuant to Rule 60 of the Federal Rules of Civil Procedure.

1

whether, for purposes of 29 U.S.C. § 633a(d), a claim discussing settlement constitutes the equivalent of a Notice of Intent to Sue; and (2) whether, for purposes of 29 U.S.C. § 633a(c), the filing of a lawsuit in state court is the equivalent of filing a lawsuit in federal court. (Defs.' Mot. to Reconsider pp. 4-5).

### A. Motion to Reconsider

Defendants ask the Court to reconsider its February 8, 2006 Order pursuant to Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. P. 60(b). "'The remedy provided by [this] Rule . . . is extraordinary and is only to be invoked upon a showing of exceptional circumstances.'" *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). Under any of the provisions of Rule 60(b), the movant, by showing that he has a meritorious defense or claim, must demonstrate the threshold condition that granting the requested relief will not in the end have been a futile gesture. *Boyd*, 905 F.2d at 769 (citing 11 WRIGHT & MILLER, *Federal Practice and Procedure: Civil*, § 2857, p. 161 (1973)).

The Court notes that Defendants' Motion to Reconsider contains many of the same arguments as those raised in Defendants' initial Motion to Dismiss. That is, Defendants do not

2

raise new issues in this Motion to Reconsider. However, the Court will address the two specific issues requested by Defendants.

**B.      Notice of Intent to Sue**

Defendants first argue that although Plaintiff filed an "EEO Complaint of Discrimination in the Postal Service," this administrative claim does not "announce an intent to sue in United States District Court." (Defs.' Mot. to Reconsider p. 4). Rather, the administrative claim refers to a "settlement." (*Id.*). Defendants thus conclude that a claim discussing settlement does not constitute the equivalent of a Notice of Intent to Sue required by 29 U.S.C. § 633a(d) and, therefore, Plaintiff's ADEA claim should be dismissed. In support of their argument, Defendants rely heavily on *Rann v. Chao*, 209 F. Supp. 2d 75 (D.D.C. 2002).[2] ( *Id.* pp. 3-4).

In the instant case, the EEO Complaint filed by Plaintiff asks, "What Remedy Are You Seeking to Resolve this Complaint?" and Plaintiff responded as follows:

> I want my reinstatement back dated to the first day cited in the Arbitration case awarded to the Boone NALC 10/31/3. I want my time in service reflected in my pay grade as per the ELM & and indicated in Arbitration Coreen-Clark v. USPS & I want $50 a day damages until this case is settled. I ask that I receive punitive damages if my OPF is destroyed.

( *Id.*, Exh. 3, pp. 2-3). Defendants argue that since Plaintiff does not include the phrase "intent to sue" or similar language, but rather uses the phrase "until this case is settled," this claim is

---

[2]The Court agrees with Defendants that the *Rann* court considered, in part, whether a plaintiff's submission of his complaint of age discrimination to the Department of Labor's EEO office satisfied the notice of intent to sue requirement of 29 U.S.C. § 633a(d). The Court further notes that precedent from other circuits is persuasive only, and is not binding. Moreover, Defendants state that they are not asking the Court to reconsider its ruling that formal notice by a federal employee to her Agency's EEO Counselor satisfies the notice requirement of 29 U.S.C. § 633a(d). (Defs.' Mot. to Reconsider p. 4). Nor will the Court reconsider this finding. *See Stevens v. Department of the Treasury*, 500 U.S. 1, 7 fn.1, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991) (noting that "[t]he EEOC accepts a notice given to the employing agency as sufficient compliance with the statutory notice requirement") (citing Management Directive EEO-MD 107, ch. 12, pp. 12-2 and 12-3 (1987)).

3

insufficient for purposes of 29 U.S.C. § 633a(d).

A review of the facts of this case leads the Court to disagree with Defendants. Construing the claim in the light most favorable to Plaintiff, as this Court must for purposes of a Motion to Dismiss, the Court concludes that in this case, Plaintiff's administrative claim was sufficient to put the EEOC on notice of a potential lawsuit, despite the fact that Plaintiff did not include the phrase "intent to sue." The Court further notes that since this case is in the early stages of litigation, it is plausible that discovery will reveal other facts regarding whether Plaintiff's administrative claim actually put the EEOC on notice of her intent to sue. Therefore, this Court finds that for purposes of this case only, it is too early to dismiss Plaintiff's ADEA claim based on her failure to use the phrase "intent to sue" or similar language in her administrative claim and concludes that based solely on the facts of this case, the administrative claim filed by Plaintiff is sufficient to meet the requirements of 29 U.S.C. § 633a(d).

**C.     Subject Matter Jurisdiction**

Defendants further contend that since Plaintiff "has not filed the instant lawsuit in United States District Court, this Court is without subject matter jurisdiction over the lawsuit." (Defs.' Mot. to Reconsider p. 5). Defendants state, "[b]ecause Plaintiff filed her ADEA action in state court and because the ADEA does not waive sovereign immunity to allow such a lawsuit, there is no subject matter jurisdiction under the ADEA for the instant action." ( *Id.* p. 4). Defendants further argue that although they removed this lawsuit from state court in order to assert the federal defense of sovereign immunity, the removal did not alter the fact that Plaintiff filed the lawsuit in state court. (*Id.*). Defendants maintain that since Plaintiff filed her lawsuit in the wrong jurisdiction, this Court does not have subject matter jurisdiction and Plaintiff's ADEA

4

claim must be dismissed.

Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1441, 1442.[3] (Notice of Removal ¶ 4). Title 21 of the United States Code, Section 1441(a) provides in part that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Likewise, Title 28 of the United States Code, Section 1442(a) provides, in pertinent part, that "[a] civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) the United States or any agency thereof of any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . ." It is clear from these statutes that a defendant may remove a case from state court to federal court only if the lawsuit could have originally been filed in federal court or if the suit was filed against the United States or any agency or officer of the United States. Moreover, it is well established that "'[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed.'" *Greene v. General Motors Corp.*, 261 F. Supp. 2d 414, 417 (W.D.N.C. 2003) (quoting *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000)).

The Court does not dispute that Plaintiff originally filed her lawsuit in state court. Moreover, it is clear that Plaintiff could have originally filed her lawsuit in federal court.

---

[3]Defendants state that they removed the lawsuit so they could assert "the federal defense of sovereign immunity against the lawsuit." (Defs.' Mot. to Reconsider p. 5). However, Defendants' Notice of Removal cites Sections 1441 and 1442 of the United States Code as the basis for removal. (Notice of Removal ¶ 4).

Specifically, Title 29 of the United States Code, Section 633a(c) provides that, "[a]ny person aggrieved [under this section] may bring a civil action in *any Federal district court of competent jurisdiction* for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 633a(c) (emphasis added). Moreover, the corresponding regulation provides, ". . . an aggrieved individual may file a civil action in a *United States district court* under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action." 29 C.F.R. § 1614.201 (emphasis added). Therefore, Defendants correctly removed this action. However, the Court disagrees that since Plaintiff filed her lawsuit in state court, this Court does not have subject matter jurisdiction.[4]

Section 633a(c) clearly provides a federal court with subject matter jurisdiction over any actions brought within the purview of this statute. Moreover, Defendants removed Plaintiff's Complaint based on it containing a federal question (28 U.S.C. § 1441(a)) and because Plaintiff brought her lawsuit against an agency of the United States (28 U.S.C. § 1441(a)(1)). Plaintiff's failure to originally file her lawsuit in federal court does not remove this Court's subject matter jurisdiction. Therefore, Defendants' argument that since Plaintiff failed to file her lawsuit in a United States District Court, she did not meet the above statutory requirements and this Court does not have subject matter jurisdiction is without merit.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(h)(3) and for Reconsideration of Order Denying, In Part, Federal Defendants'

---

[4]Defendants state that "[w]here a federal employee is the plaintiff, Congress has not waived its sovereign immunity to permit the filing of an ADEA action against a Federal Employer in state court. Because Plaintiff filed her ADEA action in state court and because the ADEA does not waive sovereign immunity to allow such a lawsuit, there is no subject matter jurisdiction under the ADEA for the instant action." (Defs.' Mot. to Reconsider p. 4). Significantly, however, this is an argument that Defendants could have made to dismiss Plaintiff's Complaint in *state court*. Section 633a(c) clearly provides subject matter jurisdiction for this matter to be heard in federal court.

Uncontroverted Dismissal Motion is hereby **DENIED**.

Signed: June 22, 2006

Richard L. Voorhees
United States District Judge