# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:05CV44

| | |
|---|---|
| RAFFAELA B. GIBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL and UNITED STATES ) | |
| POSTAL SERVICE, AGENCY ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Drop Party, For Dismissal, and for Summary Judgment," filed October 29, 2007 (Document #18), and Plaintiff's "Response to Defendant's [sic] Motion for Summary Judgment," filed August 1, 2008 (Document #20). The latter document was also in answer to this Court's order on July 28, 2008 directing Plaintiff to respond to Defendants' motion. This matter is now ripe for disposition.

## I. FACTUAL AND PROCEDURAL HISTORY

Immediately prior to July 26, 2003, Plaintiff Raffaela Gibbard was employed as a non-career worker by the Boone, North Carolina Post Office. Many years before, Gibbard had been employed in a career position with the Postal Service, and she had also spent time working as a federal air traffic controller. Based on her past employment in a career position with the Post Office, Gibbard asked to be reinstated as a career employee. As a result, on July 26, 2003, Gibbard was reinstated as a Part Time Flexible Sales and Service Clerk ("PTF Clerk") in the Boone Post Office. Despite her previous service with the federal government, Gibbard was reinstated at a grade of Level 05, Step A, which

1

was the lowest level PTF Clerk position. At the time of her reinstatement, Gibbard was forty-one years old.

Three months later, on October 27, 2003, Gibbard filed a form entitled "Information for Pre-Complaint Counseling" with the Postal Service, alleging age and gender discrimination based on her grade and pay levels at the time of her reinstatement. Gibbard also alleged that she was passed over for reinstatement to the more desirable job of Part Time Flexible City Carrier ("PTF Carrier") despite being fully qualified for the position. On January 5, 2004, Gibbard filed an "EEO Complaint of Discrimination in the Postal Service" asserting similar mistreatment.

Subsequently, on January 3, 2005, Gibbard filed this lawsuit in the North Carolina Superior Court for Burke County. Defendants removed the action to this Court on April 18, 2005. Although this Court granted Defendants' Motion to Dismiss with respect to the gender discrimination claim due to Gibbard's failure to exhaust her administrative remedies, Gibbard's Age Discrimination in Employment Act ("ADEA") claim was allowed to proceed. This claim is now before the Court on Defendants' Motion for Summary Judgment.

Employment at the Postal Service is governed by the Employment and Labor Relations Manual ("ELM"). In pertinent part, the ELM states:

**Career Appointment**

An employee new to the Postal Service hired with a career appointment is to be paid the rate for the first step of the grade of the position for which hired, except as specified below:

> a. *Reinstatement*. A former postal employee is to be paid the rate for the first step of the grade of the position for which hired. However, for exceptional circumstances, as authorized by the installation head, a former postal employee may be placed in the first step that is less than one full step above the highest former basic salary ...

ELM 17.3 § 422.21. In the Greensboro District, of which the Boone Post Office is a part, a

Memorandum dated April 23, 1993 further supplemented these rules and was in effect at the time of Gibbard's reinstatement. Regarding District policy on pay for a newly reinstated employee, the Memorandum stated, "In order to establish consistent District policy, salary will be set at the beginning of the step level appointed." (Def.'s Ex. A at 3.) This policy was reiterated in an email sent at the time of Gibbard's reinstatement by Marcia Alexander, Human Resources Specialist for the Greensboro District, to the Boone Postmaster regarding Gibbard's concerns about her starting salary in her new position. (Dep. Gibbard Ex. 7.)

In her deposition, Gibbard stipulated that "for purposes of her discrimination action there are five comparators, Tommy Gilliam, Ken Peeler, Mike Blackburn, John Callaway, and Randy Osborne." (Dep. Gibbard at 104:14-17.) A brief synopsis of the pertinent facts and personnel actions surrounding these comparators is provided below.

Tommy Gilliam is less than four years younger than Gibbard. Already a career Postal employee, Gilliam was promoted and assigned to the job of PTF Carrier in Boone at about the same time as Gibbard's reinstatement. (Def.'s Ex. A at 4.) PTF Carriers are part of a different craft than PTF Clerks, and the two crafts are represented by separate unions.

Kenny Peeler is about three years younger than Gibbard. Similar to Gilliam, Peeler was reassigned from a job as a career Postal employee to a position as a PTF Carrier. (Def.'s Ex. A at 4.)

Mike Blackburn is more than nine years older than Gibbard. (Dep. Gibbard Ex. 9, 10.) At the relevant times Blackburn was a supervisor, not a line employee. His pay increase was the result of a position upgrade, not a reinstatement. (Def.'s Ex. A at 3.)

John Callaway and Randy Osborne were non-career employees whose positions were

3

comparable to Gibbard's before her reinstatement. According to Gibbard, both Callaway and Osborne received better pay and better swing treatment than her during their time as non-career employees. (Dep. Gibbard 113-14.) Gibbard states that both Callaway and Osborne are younger than her, but none of the evidence before this Court establishes the specific age difference.

## II. DISCUSSION

### A.   Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure permits the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Courts, in considering motions for summary judgment, view the facts and inferences in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255; *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). However, the party opposing summary judgment may not rest upon mere allegations or denials, and a "mere scintilla of evidence" is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 249-50. Thus, summary judgment is proper where "the facts and the law will reasonably support only one conclusion." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000) (quotation omitted).

Moreover, when the movant supports its motion for summary judgment by affidavits, the adverse party may not rest upon the mere allegations or denials of its pleading, and the adverse party's response must be supported by affidavits or as otherwise provided by Rule 56 and must set

forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). In the instant case, Defendants have presented declarations pursuant to 28 U.S.C. § 1746, exhibits, and deposition testimony in support of their motion. Despite this, Gibbard's Response provides no additional evidence in support of Gibbard's Complaint. Instead, Gibbard explicitly accepts the summary of the evidence as presented in Defendants' Motion for Summary Judgment. (Pl.'s Resp. to Def.'s Mot. for Summ. J.)

**B.     Analysis**

The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623. In order for a claim under the ADEA to survive summary judgment, the plaintiff must show that "but for" her employer's discriminatory intent, she would not have suffered an adverse employment action. *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 233 (4th Cir. 1991). To meet this burden, a plaintiff can either present direct or circumstantial proof of age discrimination under a mixed-motive theory, or the plaintiff can utilize the *McDonnell Douglas* scheme of proof to show disparate treatment, which may give rise to an inference of discrimination. *Id.* at 233-34; *see also Hill v. Lockheed Martin Logistics Mgmt, Inc.*, 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc) (holding the same). In the present case, Gibbard alleges that she suffered an adverse employment action as a result of age discrimination when she was passed over for the PTF Carrier position and when she was reinstated at a lower level of pay than was warranted based on her prior career experience.

**1. Mixed-Motive Theory**

A plaintiff may establish a claim under the ADEA by "demonstrating through direct or

circumstantial evidence that ... age discrimination motivated the employer's adverse employment decision." *Hill*, 354 F.3d at 284.[1] To prevail on this theory, an employee need only meet the "mixed-motive" standard of proof. This standard is met where the plaintiff can show that age discrimination was one motivating factor in the adverse employment decision, even where other non-discriminatory reasons for the action existed. *Id.*

In the instant case, Gibbard has proffered no direct or circumstantial evidence that age was a factor in her reinstatement at Grade Level 05, Step A or in her failure to receive a job as a PTF Carrier. There is no evidence before this Court that Gibbard's supervisors ever made any disparaging comments about Gibbard's age or the age of any other Postal Service employees. There is no evidence that the Postal Service disfavored older workers. In fact, Gibbard has presented no evidence whatsoever that age was a motivating factor in any decision concerning the terms of her employment.

The only "evidence" of age discrimination offered by Gibbard is personal speculation. When asked to name the individuals who discriminated against her on the basis of her age, Gibbard admitted that she "d[id]n't know who discriminated." (Dep. Gibbard 78:13.) Although Gibbard believed that the Greensboro District Office of the Postal Service "could have used" her age as a factor in setting her pay level upon reinstatement, she admitted that she did not know whether this was the case. In another exchange, Gibbard claimed that "[t]he position itself is evidence of age discrimination." (Dep. Gibbard 74:20-21.) Although Gibbard was unhappy that she was passed over for the position

---

[1] In fact, under the ADEA, direct evidence may be required to prove a mixed-motive claim. *See Mereish v. Walker*, 359 F.3d 330, 339-40 (4th Cir. 2004) (expressing doubt that circumstantial evidence is enough for a mixed-motive ADEA claim but holding that plaintiff's claim failed under either standard); *Hill*, 354 F.3d 277, 284 n.2 (doing the same). This would differ from the proof necessary to bring a mixed-motive claim under Title VII, which only requires circumstantial evidence. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98-101 (2003). As in *Mereish* and *Hill*, the result in this case would be the same under either standard of proof.

of PTF City Carrier in the winter and spring of 2003, Gibbard offers no evidence that age was a motivating factor in these decisions. *See* (Dep. Gibbard 79-82.)

In light of the evidence that Gibbard's pay upon reinstatement was set according to the terms of the ELM handbook as supplemented by Greensboro District policy, Gibbard's claims are especially weak. Due to Gibbard's inability to provide any direct or circumstantial evidence demonstrating that age was a motivating factor in the decision to reinstate her as a PTF Clerk at a grade of Level 05, Step A, her claim for discrimination fails on the mixed-motive standard of proof.

**2. Disparate Treatment**

The second way to avoid summary judgment on an ADEA claim is to proceed under a "pretext" framework. *See Hill*, 354 F.3d at 285. Under this method of proof, the employee must first establish a prima facie case of age discrimination. Typically, this requires the plaintiff to show some variation of the following: (1) that she is a member of a protected class; (2) that she suffered adverse employment action; (3) that she was performing her job at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) that the position remained open or was filled by someone substantially younger than the plaintiff. *See Id.*; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973) (establishing the method of proof for disparate treatment cases). When analyzing a specific case, the elements of the test are flexible depending on the claim at issue. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995). However, the guiding principle in every instance is that "the prima facie case requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996).

Once the prima facie case is met, the burden then shifts to the defendant to "articulate a

legitimate, nondiscriminatory reason for the adverse employment action." *Hill*, 354 F.3d at 285. If the employer meets this burden of production, the burden of proof is on the plaintiff to demonstrate by a preponderance of the evidence that any legitimate reasons were a mere pretext for unlawful discrimination. *Id.*

Although not always clear from the pleadings, Gibbard appears to allege two separate but related adverse employment actions that she claims were the result of unlawful discrimination. First, Gibbard asserts that her reinstatement at Grade Level 05, Step A was inappropriate given her prior experience and resulted in lower pay than she otherwise deserved. Second, Gibbard asserts that she was passed over for the more desirable PTF Carrier position and instead received a job as a PTF Clerk upon her reinstatement. On both claims, there is no dispute that Gibbard is over forty years of age and thus a member of the protected age group under the ADEA.

As to Gibbard's first claim that she was reinstated at a lower pay grade, a slightly different version of the prima facie case annunciated in *Hill*, *supra*, would apply. Although the first three elements are still applicable, the fourth element does not pertain to these facts since this is not a claim arising out of a termination or a failure to hire. Because the fourth element is an imperfect fit in this situation, Gibbard needs to show some other evidence of discrimination to meet her burden, such as demonstrating that younger employees were paid more for the same work or by pointing to discriminatory comments or actions on the part of her supervisors.

In this case, Gibbard has arguably satisfied the first three elements necessary for a prima facie case. Gibbard's age establishes her as a member of the protected class, Gibbard has alleged that she suffered an adverse employment action because she is being paid less than she deserves, and there is no evidence that Gibbard failed to perform her duties to her employer's satisfaction. Nevertheless,

Gibbard is unable to meet her burden of establishing a prima facie case because Gibbard fails to provide any "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *O'Connor*, 517 U.S. at 312.

There is no evidence in the record that substantially younger employees were treated differently than Gibbard or paid at a higher rate upon reinstatement. Since none of the comparators offered by Gibbard were reinstated as career postal employees, these comparators can provide no support for Gibbard's allegations. Gilliam, Peeler, and Blackburn were already career employees, and the personnel actions affecting their salary and positions were not reinstatements but were a promotion, a reassignment, and a pay upgrade, respectively. (Def.'s Ex. A at 3-4.) Furthermore, none of these employees was placed in the same PTF Clerk position as Gibbard.[2] As a result, they are all subject to separate pay scales, making comparison problematic. Even more damaging to Gibbard's allegation of age discrimination, Blackburn is nine years older than her, and Gilliam and Peeler are only slightly younger. The other two comparators, Callaway and Osborne, were non-career employees, and there is no evidence before this Court that they were ever given career positions with the Postal Service.[3] Thus, these facts provide no evidence from which this Court can

---

[2] Gilliam and Peeler were given the position of PTF Carrier. Blackburn's position is even less analogous to Gibbard's case because he was a supervisor, not a line employee.

[3] Gibbard also alleges that Callaway and Osborne received better pay and better "swing treatment" during the time that all three were non-career employees. However, Gibbard has provided no other evidence to support this claim. Regardless, this issue is not properly before the Court because these allegations were not pled in Gibbard's complaint, and the allegations do not relate to her claims that she was reinstated at a lower level of pay or that she was passed over for the PTF Carrier position. In addition, Gibbard never filed a complaint about this alleged difference in pay with either the EEOC or the Postal Service's EEO counselor, and the decision establishing Gibbard's pay was made more than 180 days before Gibbard filed the EEO complaint that led to this case. Thus, Gibbard has failed to satisfy the notice requirements of 29 U.S.C. § 633a(d) with regard to this claim, even if it was otherwise adequately presented to this Court. *See*

9

conclude that Gibbard was treated differently or paid less than any other employee who was reinstated to a career position from a non-career job.

Even if this Court were to find that Gibbard has established a prima facie case, the Postal Service has offered a legitimate, non-discriminatory reason for Gibbard's reinstatement at Grade Level 05, Step A. Gibbard's pay level upon her reinstatement was the same as that called for in the Postal Service's ELM. As required, Gibbard was reinstated with her pay set at "the rate for the first step of the grade of the position for which [she was] hired." In the case of a new PTF Clerk, this grade is Level 05, Step A, which is what Gibbard received. Although the ELM does allow for reinstatement at a higher pay level in "exceptional circumstances," standing Greensboro District policy eliminated this exception in the interest of fairness. In the absence of any evidence that the Greensboro District ever deviated from this policy, Gibbard has failed to show that her reinstatement at a pay level in accord with both national Postal Service policy and District policy was a pretext for discrimination.

Gibbard similarly fails to establish a prima facie case of age discrimination regarding her claim that she was not hired for the PTF Carrier position. To establish a prima facie case in this context, Gibbard would need to show that (1) she belonged to the protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) that despite her qualifications she was rejected; and (4) that after her rejection the position remained open or was filled by someone substantially younger. *See O'Connor*, 517 U.S. at 310-13 (reciting *McDonnell Douglas* proof structure and then adapting it for use with the ADEA). Here, there is no dispute as to element one.

*Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 127 S. Ct. 2162, 2165 (2007) (holding that under Title VII, the time for filing a charge of discrimination begins when disparity in pay is first established and communicated).

As for element two, Gibbard has alleged that she sought the job of PTF Carrier. (Dep. Gibbard 78-80.) Gibbard has also shown that she was qualified for the position. She testified in her deposition that a PTF Carrier position was originally offered to her before being withdrawn and given to Peeler. (Gibbard Dep. 79-80.) Gibbard also testified that she was required to train Gilliam and Peeler, the two men who ended up filling the available PTF Carrier positions. *Id.*

However, Gibbard's claim fails with respect to element four. Although the two PTF Carrier positions were given to men outside the protected class, the difference between the ages of these employees and of Gibbard is insubstantial. In *O'Connor*, the Supreme Court held that "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that plaintiff was replaced by someone outside the protected class." 517 U.S. at 313. As an example, the Court found that a forty year old plaintiff could not meet his burden on this issue by showing that he had been replaced by a thirty-nine year old. Furthermore, the Court indicated that an age difference of three years would be insubstantial, whereas a difference of sixteen years would be a substantial discrepancy.

The facts in this case are remarkably similar to the hypotheticals analyzed by the Supreme Court in *O'Connor* and rejected as evidence of age discrimination. In the present case, Gibbard was only forty-one years old at the time of the alleged discrimination, and the men who took the job she sought were in their late thirties. Peeler was less than three years younger than Gibbard, and Gilliam was less than four years younger than Gibbard. Because these age differences are insubstantial, Gibbard has failed to establish a prima facie case of discrimination on this issue.

## CONCLUSION

Since Gibbard's evidence creates no genuine issues of material fact, summary judgment is

appropriate in this case. Because Gibbard has failed either to provide direct or circumstantial evidence of discrimination or to meet her burden of establishing a prima facie case for age discrimination, and because Defendants have offered a legitimate non-discriminatory reason for their employment action which Gibbard could not discredit, this Court hereby **GRANTS** Defendants' Motion for Summary Judgment.[4]

Signed: January 20, 2009

Richard L. Voorhees
United States District Judge

---

[4] As a result of this ruling, the Court finds it unnecessary to address Defendants' other arguments.